IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN DRIDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WHOLE FOODS MARKET GROUP, INC. | : | NO. 07-2512 |

O'NEILL, J.                                                    JANUARY 2, 2008

MEMORANDUM

On May 17, 2007 plaintiff Hassan Dridi filed a complaint against defendant Whole Foods

Market Group, Inc. in the Court of Common Pleas of Philadelphia County.  Defendant filed a

notice of removal to this Court on June 20, 2007 pursuant to 28 U.S.C. § 1441[1] and subsequently

filed a motion to dismiss all counts of plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on June 27, 2007.  Plaintiff then filed an amended complaint on July 5, 2007

alleging claims of wrongful termination of employment, breach of contract, and detrimental

reliance under Pennsylvania law.  In an Order dated July 11, 2007 I marked as withdrawn

defendant's June 27 motion to dismiss.  Defendant filed a new motion to dismiss on July 12,

2007.  Before me now is defendant's July 12 motion to dismiss Counts I, II and III of plaintiff's

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's response,

and defendant's letter reply.

BACKGROUND

Defendant Whole Foods is a Delaware citizen authorized to do business in the

Commonwealth of Pennsylvania.  Plaintiff Dridi is a Philadelphia citizen and resident who began

---

[1]This Court has jurisdiction of this matter under 28 U.S.C. § 1332 as plaintiff and
defendant are citizens of different states and the amount in controversy exceeds $75,000.

1

working in or about 1993 at defendant's store located at 1575 The Fairway, Jenkintown,

Pennsylvania.  After years of employment plaintiff was promoted to produce manager, and while

working in that capacity on or about April 2006 plaintiff verbally requested a leave of absence

from store manager David Pinkney.

Defendant's General Information Guide, attached as an exhibit to plaintiff's amended

complaint, provides employees with the opportunity to apply for extended sabbatical leave not

exceeding twenty-four weeks after they accrue over 12,000 hours of service.  Pursuant to the

terms of the Guide, an employee's position and rate of pay are guaranteed upon an agreed upon

return date when extended sabbatical leave is approved.  An extended sabbatical leave requires

the approval of the Team Leader, Store Team Leader, and Regional Team Member Services.  As

Team Leader, plaintiff required approval from his Store Team Leader Pinkney and Regional

Team Member Services to qualify for extended sabbatical leave.

All of defendant's employees were required to sign an acknowledgment of receipt of the

General Information Guide, and plaintiff's amended complaint alleges that employees who refuse

to sign had their employment terminated.  Plaintiff's amended complaint notes that the

acknowledgment expressly states that "this GIG is neither a contract of employment nor a legal

document plus no oral statements or representations can change the provisions of this

guidebook."  Plaintiff signed the acknowledgment at page one of the Guide on May 9, 2004.  On

that date plaintiff also signed a form entitled "Policy Revision Acknowledgment" which

expressly stated, "I further understand and agree that the policy revisions and this

Acknowledgment neither expressly nor implicitly creates a contract of employment.

Employment may be terminated, either by my employer or me, for any reason, at any time, with

2

or without notice."  The text of the Guide contains similar statements:

> Whole Foods Market is an "at will" employer, which means that the employment relationship may be terminated at any time by the Company or the Team Member, with or without notice. . . .
>
> . . . .
>
> This guidebook is not an employment contract and is not intended to create contractual obligations of any kind. . . .
>
> . . . .
>
> Neither Whole Foods nor you is bound to continue the employment relationship.  In other words, your employment with Whole Foods Market is not for a specified period of time and can be terminated at any time for any reason, with or without cause or notice, by you or by the Company.  No oral or written statements or representations regarding your employment can alter the foregoing. . . . We are all "at will" employees, and nobody can change that except for the Chief Executive Officer.

After hearing plaintiff's request for a leave of absence, Pinkney requested that plaintiff delay his leave until completion of defendant's ongoing renovations at the Jenkintown store. Plaintiff agreed to delay his leave of absence for several months pending the completion of the renovations.  Plaintiff also informed Pinkney that he intended to use accrued vacation time for September 16, 2006 to October 15, 2006 and that his leave of absence would commence on October 16, 2006 and terminate on March 31, 2007.   Plaintiff alleges that Pinkney assured him that his leave of absence would be approved and directed him to complete defendant's Mid Atlantic Leave of Absence Form.  Plaintiff completed and signed the Leave of Absence Form on September 15, 2006.  Neither a Store Team Leader nor any person from Regional Team Member Services signed the Leave of Absence Form.

In accordance with his above-stated plans, plaintiff commenced his paid vacation on

September 16, 2006.  As of that date, plaintiff was earning $23.00 per hour, was receiving

healthcare benefits and stock options, and maintained a 401(k) retirement plan with defendant.

At some point between September 16 and December 16, 2006 Pinkney left a voice message for

plaintiff informing him that his employment had been terminated.  On December 16, plaintiff

returned to the store and left a note for Pinkney to contact him regarding the voice message.

Pinkney never responded to plaintiff's note, plaintiff never received written confirmation of his

termination, and plaintiff was never provided a reason for his termination.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling

on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any

reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine

whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief."

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).  Typically, "a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though

plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell

Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all of the allegations in

the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  A well-pleaded

complaint may proceed even if it appears "that recovery is very remote and unlikely."  Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).  When considering a Rule 12(b)(6) motion, I do not "inquire

4

whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims."  Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

Plaintiff's amended complaint contains three counts under Pennsylvania law: (1) wrongful termination of employment; (2) breach of contract; and (3) detrimental reliance. Defendant moves to dismiss each count for failure to state a claim upon which relief can be granted under Pennsylvania law.  I will discuss each count of plaintiff's amended complaint in turn.

I.      Count I – Wrongful Termination of Employment

Under Pennsylvania law, "there is a strong presumption that employment is at-will and terminable by either party for any reason, or even no reason at all, unless there is a statutory or contractual provision to the contrary."  Buckwalter v. ICI Explosives USA, Inc., No. 96-4795, 1998 WL 54355, at *5 (E.D. Pa. Jan. 8, 1998), citing Geary v. U.S. Steel Corp., 319 A.2d 174, 176 (Pa. 1974).  Whether a plaintiff alleges sufficient facts to overcome the presumption of at-will employment is a matter for the Court.  Schoch v. First Fid. Bancorp., 912 F.2d 654, 660 (3d Cir. 1990).

"In order to rebut the presumption of at-will employment, a party must establish one of the following: (1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception."  Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214 (Pa. Super. Ct. 1997), citing Robertson v. Atl. Richfield Petroleum, 537 A.2d 814, 819 (Pa. Super. Ct. 1987).  "Although an employee handbook may provide a basis for implying an

5

employment contract that cannot be terminated at-will, the handbook must contain a 'clear indication that the employer intended to overcome the at-will presumption.'" <u>Gorwara v. AEL Indus., Inc.</u>, 1990 WL 44702, at *4 (E.D. Pa. Apr. 12, 1990), <u>quoting</u> <u>Scott v. Extracorporeal, Inc.</u>, 545 A.2d 334, 338 (Pa. Super. Ct. 1988).  "Courts have held that provisions in employee handbooks which contain disclaimers or state there is no intent to create an employment contract are sufficient to retain the at-will presumption." <u>Anderson v. Haverford College</u>, 851 F. Supp. 179, 182 (E.D. Pa. 1994) (citing cases).

Plaintiff recognizes the well-established presumption of at-will employment in Pennsylvania but contends exceptions one and four apply to overcome the presumption in this case.  I first note that though it sets forth certain procedures and parameters for extended sabbatical leave the Guide preserves the status of plaintiff's employment as employment at-will. As noted above, references to at-will employment abound in the Guide and clearly indicate defendant's intent not to create any contractual obligations by means of the Guide.

Plaintiff argues that the Guide created an agreement of a definite duration and that this indicated defendant's intent to alter the at-will relationship.  Plaintiff's amended complaint alleges that the Guide provisions regarding an employee's eligibility for extended sabbatical leave "clearly contains a clearly defined duration of the contractual relationship."  I disagree. Plaintiff contends that "[b]y offering an employee the option of a sabbatical after approximately six years of full-time employment, and guaranteeing that the employment will be preserved for the six month duration of the leave, defendant has entered into an agreement with plaintiff for a definite duration."  Therefore plaintiff himself recognizes the policy contained in the Guide merely offers the option of a sabbatical.  The offer of an option does not constitute an agreement

6

for definite duration with plaintiff or any other employee, and any "guarantee" established by the Guide cannot exist until the offer is accepted. I additionally note that a period "not exceeding twenty-four weeks" does not establish any tenure of employment and thus is not a "clearly defined duration of the contractual relationship" as plaintiff alleges. See Gorwara, 1990 WL 44702, at *3 ("The burden is on the plaintiff to over come this presumption by alleging 'facts and circumstances establishing some tenure of employment.'"), quoting Cummings v. Kelling Nut Co., 84 A.2d 323, 325 (Pa. 1951).

Plaintiff also argues that an applicable recognized public policy exception overcomes the presumption of at-will employment in this case. Specifically plaintiff contends defendant violated his inherent rights under Article 1, Section 1 of the Constitution of the Commonwealth of Pennsylvania by inducing him into employment with the promise of a protected sabbatical only to fire him during his sabbatical. Plaintiff argues that it is fundamentally unfair for defendant to retain the ability to fire an employee at-will while simultaneously guaranteeing that employment will be preserved during a sabbatical and that the "ambiguity of the GIG contravenes public policy." I find plaintiff's public policy argument to be without merit. First, plaintiff does not cite any case law to explain the applicability of Article 1, Section 1 of the Pennsylvania Constitution to this case. The inherent and indefeasible rights guaranteed by the Constitution are readily distinguishable from an employer's promise of a protected sabbatical. Second, I see no ambiguity or fundamental unfairness in the Guide. Again, the Guide simply made no promise or guarantee of a protected leave to plaintiff; it only explained that an employee could choose to exercise upon meeting certain conditions. The Guide then clearly set forth these conditions. This explanation of defendant's offer, standing alone, guaranteed nothing and was

7

not ambiguous.  Therefore, I find no contravention of public policy in this case.

For the foregoing reasons, I will dismiss Count I of plaintiff's amended complaint.

## II.       Count II – Breach of Contract

As stated above, though it sets forth certain procedures and parameters for extended sabbatical leave, the Guide at issue here does not clearly indicate an intent to overcome the presumption of at-will employment; rather the Guide in several places expressly preserves the status of employment with defendant as employment at-will.  As such the Guide does not constitute an employment contract and plaintiff fails to state a claim for breach.

In his response to defendant's motion to dismiss, plaintiff argues that the Guide "was not just an aspirational statement with an information function."  Plaintiff adds, "To the contrary, it explicitly guaranteed to the employee the preservation of a position and rate of pay.  Such a guarantee does not exist, by definition, in a true at-will relationship."  I disagree.  The Guide informs employees of an opportunity to apply for extended sabbatical leave and states that while an employee is on sabbatical his position and rate of pay are preserved.  In other words, the Guide purely serves an information function: it sets forth a policy of the employer and explains how that policy works.  It is undisputed that the Guide states, "[Y]our position and rate of pay are guaranteed upon your return to work, provided you return on the agreed date."  However, nowhere does the Guide guarantee an employee's eligibility for extended sabbatical leave.  The Guide expressly provides, "A Team Member who has worked at least 12,000 service hours *may be eligible* to take a leave for up to 24 weeks . . . ."  (emphasis added).  In short, plaintiff's claim confuses a document which explains an employment policy with a document which executes that policy.  The Guide is an informational document, not a written employment contract.

For the foregoing reasons, I will dismiss Count II of plaintiff's amended complaint.[2]

III.     Count III – Wrongful Termination

"Pennsylvania law does not recognize a cause of action for promissory estoppel as an

exception to the employment-at-will doctrine." Bair v. Purcell, 500 F. Supp. 2d 468, 492 (M.D.

Pa. 2007), citing Paul v. Lankenau Hosp., 569 A.2d 346, 348 (Pa. 1990). "The Pennsylvania

Supreme Court reasoned that allowing an employee to rely on equitable doctrines in cases where

the law declares that no express or implied contract exists would undercut the at-will

employment doctrine." Id., citing Paul, 569 A.2d at 348; see also Walden v. Saint Gobain Corp.,

323 F. Supp. 2d 637, 645 (E.D. Pa. 2004) ("It is firmly established that Pennsylvania courts do

not recognize a cause of action for promissory estoppel in the context of at-will employment.").

Plaintiff contends that Court III of his amended complaint for detrimental reliance arises

from the contractual relationship between the parties alleged in Count II.  However, as the Guide

does not constitute an express or implied contract, plaintiff does not have a cognizable claim for

---

[2]Even assuming *arguendo* that the Guide and its provisions were a part of an employment
contract, plaintiff fails to state a claim for breach in this case.  The Guide sets forth a variety of
conditions under which an employee may be eligible for extended sabbatical leave.  The Guide
expressly states, "To request a leave of absence, you must complete the appropriate paperwork
and secure the approval of your Store Team Leader."  Extended sabbatical leave also is
contingent upon approval of the Team Leader, the Store Team Leader, and Regional Team
Member Services according to the Guide.  The Guide provides, "Granting the leave is at the
Team Leader's discretion and may be denied for any reason, such as time of year, business
necessity, etc."  As noted above, though plaintiff completed and signed a Leave of Absence Form
before leaving work on September 15, 2006, no representative of defendant signed the Form.
Though plaintiff's amended complaint alleges that his Store Team Leader Pinkney assured that
his leave would be approved, there is no indication or allegation in the amended complaint or the
attached documents that any person in Regional Team Member Services assured or even was
aware of plaintiff's request.  Again, the Guide states that "your position and rate of pay are
guaranteed upon your return to work, provided you return on the agreed date."  In this case there
was no agreed date because plaintiff did not fulfill his obligations to qualify as eligible for
extended sabbatical leave under the terms of the alleged contract.

detrimental reliance or promissory estoppel.  Therefore I will dismiss Count III of plaintiff's amended complaint for failure to state a claim.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HASSAN DRIDI                              :              CIVIL ACTION
                                          :
        v.                                :
                                          :
WHOLE FOODS MARKET GROUP, INC.            :              NO. 07-2512

## **ORDER**

AND NOW, this 2nd day of January 2008, upon consideration of defendant's motion to dismiss Counts I, II and III of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's response, and defendant's letter reply, it is ORDERED that defendant's motion is GRANTED and plaintiff's amended complaint is DISMISSED.


                          s/Thomas N. O'Neill, Jr.
                          THOMAS N. O'NEILL, JR., J.